UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re**<br><br>IDACREST FARMS, INC.,<br>an Idaho corporation,<br><br>**Debtor.** | **Bankruptcy Case**<br>**No. 09-03735-JDP** |

_____

Appearances:

    Brent T. Robinson, ROBINSON ANTHON & TRIBE, Rupert, Idaho, Attorneys for Debtor.

    Kimbell D. Gourley, TROUT JONES GLEDHILL FUHRMAN GOURLEY, Boise, Idaho, Attorneys for Evans Grain, Feed & Seed Company .

    Forrest Hymas, Hailey, Idaho, Chapter 12 Trustee.

## I.
## Background and Procedural Status

Idacrest Farms, Inc., filed a petition for chapter 12[1] relief on

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION - 1

November 24, 2009.  Docket No. 1.  On May 5, 2010, the trustee, Forrest Hymas ("Trustee"), objected to allowance of Proof of Claim No. 36, filed in the bankruptcy case on April 26, 2010 by Creditor Evans Grain, Feed & Seed, Inc.  Docket No. 120.[2]  In his objection, Trustee alleged that the proof of claim was not timely filed by the April 4, 2010, deadline established by the Court.  *See*, Notice of Meeting of Creditors, Docket No. 13.

On May 6, 2010, Creditor responded to the objection by filing a "Motion Requesting . . . Treatment under 11 U.S.C. § 726(a)(2)(C), or in the Alternative, Allowance of Such Claim Based upon Excusable Neglect or Other Equitable Principals."  Docket No. 124.[3]  Attached to the motion was the Affidavit of Mike Blauer, the person "designated by [Creditor] to

---

[2] A copy of the proof of claim is attached to Trustee's objection.  In it, Creditor alleges that Debtor owes it $17,031.78 for goods sold on credit.  Trustee does not dispute the validity or amount of this debt in his objection.

[3] Creditor's motion also responded to Trustee's objection to a separate proof of claim filed by Creditor allegedly for credit extended to the Debtor company *after* it filed its bankruptcy petition.  *See* Trustee's Objection to Proof of Claim No. 37, Docket No. 121.  Creditor's motion seeks allowance of such claim as an administrative claim.  The issues raised by Trustee's objection to this post-petition claim, and Creditor's motion in response, will be considered in a separate decision after an evidentiary hearing to be conducted at a later date.

MEMORANDUM OF DECISION - 2

receive all notices, written and oral, of any bankruptcies filed by customers , . . ." Docket No. 124-1 at ¶ 2. In his affidavit, Mr. Blauer asserts that "at no time prior to April 4, 2010, did [Creditor] or your affiant have notice or knowledge of any bar date for the proofs of claim relating to the Idacrest Farms bankruptcy proceeding." *Id*. at ¶ 4. In other words, in the motion and affidavit, Creditor concedes that its proof of claim was filed after the bar date, but it insists its claim should nevertheless be allowed.[4]

On June 15, 2010, Creditor filed a brief in support of its position. Docket No. 146. On July 2, 2010, Trustee filed a response in the form of an "objection" to Creditor's motion. Docket No. 163. On July 8, the Court conducted a hearing concerning these matters at which Trustee and counsel for Creditor appeared.[5] It was agreed at the hearing that the Court should take the issues raised by Trustee's objection to Creditor's

---

[4] Of course, allowance of the claim is significant, since Debtor has represented that its chapter 12 plan will propose to pay all allowed unsecured claims in full.

[5] Debtor's counsel also appeared at this hearing. Though Debtor had filed no pleadings regarding this dispute, when the Court inquired at the hearing, counsel for Debtor indicated his client supported Trustee's position.

MEMORANDUM OF DECISION - 3

proof of claim under advisement for decision based on the submissions of the parties, and without further hearing. The Court did so. *See* Minute Entry, Docket No. 167.

After duly considering the record, the submissions of the parties, and the applicable law, the Court concludes Trustee's objection to Creditor's proof of claim should be sustained and Creditor's claim should be disallowed, and that Creditor's motion should be denied. What follows constitutes the Court's findings, conclusions and reasons for its decision. Fed. R. Bankr. P. 9014; 7052.

## II.
## Analysis

According to the Certificate of Service executed by a representative of the Bankruptcy Noticing Center, the notice of the commencement of the bankruptcy case, and of the deadline for filing proofs of claim by creditors, was mailed to Creditor in care of a Nampa, Idaho, mailing address on December 2, 2009. Docket No. 17. Creditor does not dispute that this is a correct mailing address for its Nampa branch. Indeed, Mr. Blauer does not

MEMORANDUM OF DECISION - 4

specifically deny that the § 341 meeting notice, and other notices, were sent to the Nampa office.  Instead, Mr. Blauer indicates that when he interviewed personnel at that office, "nobody recalls ever receiving any bankruptcy pleading with a proof of claim bar date or deadline," and so he speculates that the bar date notice must "have been misplaced or never received."  Docket No. 124-1 at ¶ 5.

The BNC proof of mailing creates a rebuttable presumption of its receipt.  *Cuna Mut. Ins. Group v. Williams (In re Williams)*, 185 B.R. 598, 599 (9th Cir. BAP 1995) (citing *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir. 1991)).  In *Williams*, the BAP observed that:

> this rule is a key support of the bankruptcy system's notice by mail.  "If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled."

*Williams*, 185 B.R. at 599-600 (quoting *Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (9th Cir. BAP 1987)).  Indeed, the *Ricketts* court held that "[w]here the bankruptcy court record shows a certificate of mailing and a

MEMORANDUM OF DECISION - 5

complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate." *In re Ricketts*, 80 B.R. at 497. Moreover, the Ninth Circuit in *Bucknum* held that "[t]he presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished." *In re Bucknum*, 951 F.2d at 207. In this case, the presumption that the § 341 meeting notice, containing the claims bar date, was mailed to and received by Creditor, has not been overcome, and the Court finds that Creditor received timely notice of the deadline for filing proofs of claim.

Even were this an issue, the § 341 meeting notice was not the only information about the bankruptcy case that was mailed to Creditor in Nampa prior to the claims filing deadline. The record also shows that, prior to the bar date, Debtor's counsel mailed a variety of other notices about proceedings in the case to all parties on the official mailing matrix, including to Creditor. These notices referenced cash collateral matters, Debtor's proposed plan, and approval of employment of Debtor's counsel. *See* Docket Nos. 9, 47, and 92. While not containing information about the

MEMORANDUM OF DECISION - 6

bar date, each of these notices, standing alone, would have been sufficient to give Creditor actual knowledge that Debtor was involved in a pending bankruptcy case, such that Creditor could have inquired and obtained the necessary information about the deadline for filing a timely proof of claim.

Moreover, attached to Trustee's objection to Creditor's motion is the affidavit of James Stuart Davis. Docket No. 163-7. Mr. Davis is an officer of the Debtor, and avers that on March 11, 2010, he called Creditor's employee in Nampa to order supplies, and during the conversation, was asked by Creditor's employee about how Debtor's "court situation" was coming. *Id*. During that call, Mr. Davis recalls reminding the employee of the need to file a proof of claim in the bankruptcy case by April 4. *Id*. That employee informed Davis that "the matter was being taken care of" by Mr. Blauer in the Rupert office. *Id*. Fairly interpreting these comments, it would seem that by March 11, 2010, Creditor's Nampa office was not only aware of the bankruptcy filing and the deadline for filing claims, but that Mr. Blauer had apparently also been informed of these developments. A party with notice of the bankruptcy case that fails to act to protect its rights

MEMORANDUM OF DECISION - 7

does so at considerable risk, "even if gaining actual knowledge requires inquiry into court files, hiring a lawyer or conducting legal research." *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1203 (9th Cir. 2008), *aff'd* ___ U.S. ___, 130 S.Ct. 1367 (2010); *see also In re Hyde*, 413 B.R. 719, 721 (Bankr. D. Idaho 2009) ("When Creditor learned that Debtor had filed a bankruptcy petition, and was provided the case number by the Clerk, Creditor was put on inquiry notice of the claims filing deadline and other information appearing in the docket of the bankruptcy case.")

Clearly, under these facts, Creditor had adequate actual notice of the bankruptcy case sufficient to require it to act to protect its interests. Under these circumstances, the Court declines to find, as Creditor requests, that Creditor lacked notice or knowledge of the pendency of this case, and of the claims filing deadline, in time to file a timely proof of claim. Indeed, just the opposite is shown – it appears that Creditor received notice from the Court and Debtor's counsel, and that its agents had actual knowledge of Debtor's pending bankruptcy case in time to file a claim.

In response to its predicament, Creditor asks for relief in a variety of

MEMORANDUM OF DECISION - 8

forms, none of which are availing.  First, Creditor's motion asks for treatment under 11 U.S.C. § 726(a)(2)(C).  That statute allows tardy claims to be treated as those timely filed under certain circumstances.  Unfortunately, however, § 726 is found in chapter 7 of the Code, and it is not applicable in a chapter 12 case.  *See* 11 U.S.C. § 103(b) (providing that provisions in subchapter II of chapter 7, including § 726, apply only in a chapter 7 case); *see also In re Greenig*, 152 F.3d 631, 633-34 n. 3 (7th Cir. 1998) ("Section 726 applies only to Chapter 7 cases (see 11 U.S.C. § 103(b)) and is therefore inapplicable to this [chapter 12] case."); *In re Ogle,* 01.1 I.B.C.R. 24, 25 (Bankr. D. Idaho 2001) (dicta); *In re Boudinot*, 237 B.R. 413, 416 (Bankr. S.D. Ohio 1999); *In re Kristiniak*, 208 B.R. 132, 133 (Bankr. E.D. Pa. 1997).  Moreover, even if it did apply here, for Creditor to take advantage of it, Creditor must show that it did not have notice or actual knowledge of the bankruptcy case in time to file a timely proof of claim.  As the Court found above, Creditor had both official "notice" of the case, and sufficient actual knowledge of the pending bankruptcy to compel it to assert its rights to payment.

MEMORANDUM OF DECISION - 9

Next, Creditor makes a generic request to be relieved from the reach of the claims deadline based upon Rule 60(b)-type "excusable neglect," and for the Court to exercise its inherent equitable powers to save Creditor under these facts. Even were it motivated to do so, the Court will not honor such a request in this context.

Rule 3002(c) fixes the deadline for filing a proof of claim in a chapter 12 case as not later than 90 days following the meeting of creditors. In this case, the § 341 meeting of creditors was held on January 4, 2010, and thus the claims deadline was April 4, 2010. Rule 9006 specifies that the Court may enlarge the periods of time specified in Rule 3002 "only to the extent and under the conditions stated in [that] rule[]." Fed. R. Bankr. P. 9006(b)(3). Put another way:

> [w]hile the Court is generally granted authority under Rule 9006(b)(2) to enlarge the time for taking certain acts, subsection (b)(3) of the Rule specifically limits this ability with regard to the time limits established by Rule 3002 to the extent and under the conditions stated in [that rule].

*In re Hyde*, 413 B.R. 719, 720-21 (Bankr. D. Idaho 2009) (quoting *In re*

MEMORANDUM OF DECISION - 10

*Johnson*, 262 B.R. 831, 845 (Bankr. D. Idaho 2001)).

As can be seen, Rule 3002(c) provides six exceptions to the deadline for filing proofs of claim, but none are applicable to Creditor, and the established case law on this issue is clear: "A bankruptcy court lacks equitable discretion to enlarge the time to file proofs of claim; rather, it may only enlarge the filing time pursuant to the exceptions set forth in the Bankruptcy Code and Rules." *Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145, 1148 (9th Cir. 2000); *see also Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1432-33 (9th Cir. 1990) ("the bankruptcy court cannot enlarge the time for filing a proof of claim unless one of the six situations listed in Rule 3002(c) exists."); *In re Johnson,* 262 B.R. at 845 ("Given the unambiguous language of Rule 9006(b)(3) and controlling case law, this Court concludes it is simply not permitted to equitably enlarge the time period for filing proofs of claim absent facts which place Creditors within one of the express exceptions of Rule 3002").

It is true that none of these cited authorities involved a chapter 12 case. However, as the *In re Gardenhire,* court noted, "[a]lthough *Coastal*

MEMORANDUM OF DECISION - 11

*Alaska* involved a Chapter 7 proceeding rather than a Chapter 13 proceeding, the Code provisions and Bankruptcy Rules controlling the timeliness of filing proofs of claim are the same under both chapters." *In re Gardenhire*, 209 F.3d at 1149 n. 9.  The same is true for cases filed under chapter 12 – there is no separate filing deadline for proofs of claim beyond that specified in Rule 3002.  *Matter of Greenig*, 152 F.3d at 634; *see also In re Degiulio*, 2000 WL 35439050 *3 (Bankr. D. Idaho 2000) (holding that the Court has no equitable powers to allow a late-filed proof of claim in a chapter 12 case).  The Court simply lacks the power to enlarge the time for filing a chapter 12 proof of claim based upon excusable neglect or to promote its view of equity.[6]

Disallowance of Creditor's claim in this case may seem a harsh result.  However, Congress, in drafting the Code in this manner, statutorily determined the equities of debtors and creditors, and absent authority within the Code or Rules, the Court is without the ability to alter this

---

[6] Again, the Court notes that, even if it had the power to excuse Creditor's inaction, on these facts, Creditor has not demonstrated why it would be inequitable to apply the bar date to its claim.

MEMORANDUM OF DECISION - 12

outcome.

### III.
### Disposition

Creditor's proof of claim was not timely filed, and there is no legal or factual basis allowing the Court to overlook Creditor's miscue. A separate order sustaining Trustee's objection to allowance of Creditor's proof of claim No. 36, and denying Creditor's motion, will be entered.

Dated: July 26, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 13